```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION
```

JOSEPH EDWARD FLEMING,              )
                                    )
            Plaintiff,               )
                                    )
      v.                             )       No. 4:10-CV-2274-RWS
                                    )
CIRCUIT COURT OF ST. LOUIS, et al., )
                                    )
            Defendants.              )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Joseph Edward Fleming (registration no. 1186703) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of

the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $146.26, and an average monthly account balance of $17.91. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $29.52, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face."
Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Moberly Correctional Center ("MCC"), seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Circuit Court of St. Louis, Mary Fox (Public Defender), Jennifer Szczinski (Prosecutor), and Dean Minor (MCC Warden). Plaintiff alleges that he has been wrongly convicted and imprisoned, because Mary Fox provided him ineffective assistance of counsel in his state criminal matter, and Jennifer Szczinski violated his constitutional rights in maliciously prosecuting him.

**Discussion**

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a § 1983

3

plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff does not claim that his conviction or sentence has been reversed, expunged, invalidated, or called into question. As such, having carefully reviewed the complaint, the Court concludes that plaintiff's claims are barred by the United States Supreme Court's holding in Heck.

Moreover, the complaint is legally frivolous as to Mary Fox, because public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). The complaint is legally frivolous as to Jennifer Szczinski, because a prosecutor is absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Myers v. Morris, 810 F.2d 1437, 1448 (8th Cir. 1987). This immunity extends to allegations of vindictive prosecution. Myers v. Morris, 810 F.2d at 1446. The complaint is legally frivolous as to Circuit Court of St. Louis, because courts are not "persons" for § 1983 purposes. Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427 (8th Cir. 1986). Last, the

4

complaint is legally frivolous as to Dean Minor, because plaintiff has failed to assert any allegations against him. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $29.52 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for

5

appointment of counsel [Doc. #4] is **DENIED** as moot.

A separate order of dismissal shall accompany this memorandum and order.

Dated this 6th day of January, 2011.

_____
**UNITED STATES DISTRICT JUDGE**